UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES TAYLOR,

        Plaintiff,                Case No. 1:14-cv-182

v.                                        Honorable Paul L. Maloney

DEPARTMENT OF CORRECTIONS et al.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL AND TRANSFER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Carson City Correctional Facility, but the events giving rise to his complaint occurred at the Cooper Street Correctional Facility in Jackson, Michigan.[1] The City of Jackson is in Jackson County. Plaintiff sues the Michigan Department of Corrections and Unit Officers Unknown Savior and Unknown Sanford. In his *pro se* complaint, Plaintiff alleges that Defendants violated his Eighth Amendment rights when they required him to retrieve a water hose from an unsafe catwalk and by failing to provide him with adequate medical treatment after he fell from that catwalk. Plaintiff seeks compensatory damages.

---

[1] Plaintiff lists the Jackson Prison, 4000 Cooper Street, Jackson, Michigan as the location where the events giving rise to his complaint occurred. According to the Michigan Department of Corrections' website, this facility is now known as the Cooper Street Correctional Facility. *See* Michigan Department of Corrections' website at http://www.michigan.gov/corrections/0,4551,7-119-1381_1385-5332--,00.html (accessed on Apr. 14, 2014).

I.   Immunity

As an initial matter, Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

II.   Venue

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred at the Cooper Street Correctional Facility, which is located in Jackson County. Jackson County is within

the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). The remaining Defendants are public officials serving in Jackson County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegations against the remaining Defendants arose in Jackson County, where those Defendants allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS ORDERED** that the Michigan Department of Corrections is dismissed pursuant to 42 U.S.C. § 1997e(c) because it is immune.

**IT IS FURTHER ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).


Date: April 17, 2014            /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             Chief United States District Judge