UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES TAYLOR,

                Plaintiff,                  Civil Action No. 14-CV-11585

v.                                   Honorable Patrick J. Duggan

RUSSELL SAVOIE and
NICHOLAS SANFORD,

                Defendants.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is presently before the Court on Plaintiff Charles Taylor's motion for reconsideration of the Court's May 18, 2015 order granting summary judgment in favor Defendants Russell Savoie and Nicholas Sanford. For the reasons that follow, the Court will deny the motion.

Proceeding *pro se* under 42 U.S.C. § 1983, Plaintiff, a Michigan Department of Corrections (MDOC) prisoner, filed this civil rights lawsuit against Defendants Savoie and Sanford, both of whom are MDOC unit officers. Plaintiff claims that Defendants violated his Eighth Amendment rights when they allegedly required him to traverse an elevated, narrow catwalk and then failed to provide him with adequate medical treatment after he fell from the catwalk.

On April 23, 2015, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation (R&R), recommending that summary judgment be granted in favor of Defendants without prejudice because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  Plaintiff did not file proper objections to the R&R.  Instead, he filed a paper addressed to the Magistrate Judge stating that he "is requesting that this case be sent to a jury for judgment," but containing no argument as to why the Magistrate Judge's R&R is erroneous.  On May 18, 2015, the Court issued an order adopting the Magistrate Judge's R&R. Plaintiff now seeks reconsideration of the Court's May 18 order.

Under Eastern District of Michigan Local Rule 7.1(h)(3), a motion for reconsideration should not be granted unless the movant demonstrates a "palpable defect by which the Court and the parties . . . have been misled," and that "correcting the defect will result in a different disposition of the case."   "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

The Court will deny Plaintiff's motion for reconsideration for the following reasons.  First, Plaintiff has not demonstrated that the Magistrate Judge's analysis or conclusion is erroneous.  Therefore, Plaintiff has not satisfied the standard governing motions for reconsideration.

Second, Plaintiff offers no compelling justification for his failure to file proper objections to the R&R. Plaintiff's sole argument is that, because he did not know how to properly raise objections to the R&R and was unable to obtain assistance with the matter, principles of fairness should compel the Court to grant his motion for reconsideration. However, in his R&R, Magistrate Judge Hluchaniuk provided Plaintiff with detailed instructions on how to file proper objections to the R&R and warned of the consequences for failing to do so:

> The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service. . . . Failure to file specific objections constitutes a waiver of any further right of appeal. Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. . . . Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.

R&R 14-15 (ECF No. 17) (citation omitted). By failing to follow these instructions, Plaintiff waived any further right to appeal. *See Murphy v. Reed*, 22 F. App'x 390, 391 (6th Cir. 2001) ("Although the court holds pleadings filed by pro se litigants to less stringent standards than formal pleadings drafted by lawyers, there is no cause for extending this lenient standard to 'straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.' The requirements for responding to a magistrate judge's report are clear, and . . . the

magistrate judge specifically cautioned . . . that a particularized response was needed." (citations omitted)).

For these reasons, Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**


Date:  July 10, 2015

<div style="margin-left: 40%;">

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

</div>

Copies to:

Charles Taylor
Kevin R. Himebaugh, Esq.